O/P-Send

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN THOMAS,<br><br>    Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. ED CV 04-1897 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") finding that he was overpaid retirement insurance benefits ("RIB"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

In the JS, Plaintiff contends that the Commissioner erred in finding that Plaintiff

Page 1

received an overpayment of retirement benefits, and that he was not "without fault" in accepting the overpayment, because: (1) Plaintiff put forth a good faith effort to resolve an overpayment problem; (2) the Commissioner used an incorrect procedure in determining that an overpayment occurred; (3) the Commissioner made false and fraudulent statements that Plaintiff under-reported his earnings to justify an overpayment; (4) the Commissioner knowing omitted material evidence from the administrative hearing. Plaintiff asserts that he is entitled to a waiver of any overpayment. Plaintiff seeks reimbursement for the overpayment amount that has been deducted from his monthly retirement benefits and $500,000 in actual and compensatory damages. The Appeals Council requests a voluntary remand of this case for further factual development, a new administrative hearing, and a new decision. Plaintiff refuses to stipulate to a remand. For the reasons discussed below, the Court remands for further development of the record.

Plaintiff became eligible to receive RIB in April 1995. [Administrative Record ("AR") at 13.] However, Plaintiff continued to work, earning $46,541 in 1995, $52,322 in 1996, $54,036 in 1997, $57,748 in 1998, $64,940 in 1999, and $46,079 in 2000. [AR at 145-48.] Although the Social Security Administration ("SSA") was aware of Plaintiff's earnings from at least 1995 and 1996, it determined that Plaintiff had been underpaid $3,617 in 1995 and $6,836 in 1996. [AR at 23-33, 112-20.] In April 1998, the SSA sent Plaintiff a letter stating that Plaintiff had been underpaid $4,100 for 1998 and an additional $1,538 in 1996. [AR at 121-23.] The letter also stated that Plaintiff reported earning $44,560 in 1996 and expected to earn less than $14,500 in 1998.[1] [AR at 121-23.] In September 1999, the SSA sent Plaintiff a letter stating that, although he had reported that he expected to earn $.00 in 1998, he actually earned $57,748 in 1998. [AR at 34-40.] Based on Plaintiff's earnings from 1998 and previous years, the SSA then determined that Plaintiff had received a net overpayment of $12,968.50. [AR at 34.] In

---

[1]   Plaintiff contests the SSA's finding that he under-reported his earnings for 1998.

October 1999, the SSA sent Plaintiff a letter indicating that $1,445.50 had been withheld from his October 1999 check and that he owed a remaining balance of $15,715.50. [AR at 46, 88.]

Plaintiff appealed the initial overpayment determination and requested a waiver of recovery of the overpayment. Plaintiff's appeal and request were denied on reconsideration after a personal conference with the SSA. [AR at 47-58.] The reconsideration determination stated that Plaintiff had received a net overpayment of $12,778.50. [AR at 58.]

On June 9, 2003, following an administrative hearing, Plaintiff's request for waiver of recovery was denied by the ALJ. The ALJ concluded that Plaintiff was not "without fault" in accepting the overpayment and that recovery of the overpayment was not waived. [AR at 13-14.]

Whenever more than the correct amount in benefits has been paid to a recipient, the Commissioner shall require the overpaid recipient to refund the excess. 42 U.S.C. § 404(a). Although the Social Security Act does not indicate who bears the burden of establishing the fact and the amount of the overpayment, the Ninth Circuit has held that the Commissioner bears this burden. *McCarthy v. Apfel*, 221 F.3d 1119, 1124-25 (9th Cir. 2000). In addition, the Commissioner cannot recover overpayment if the overpaid person was without fault with respect to the overpayment, and if such a recovery would either defeat the purpose of Title II of the Act or would be against equity and good conscience. 42 U.S.C. § 404(b); *see* 20 C.F.R. 404.506. If the Commissioner decides not to waive recovery, that determination must be supported by substantial evidence in order to be upheld on judicial review. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)(explaining that substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.")

In this case, the Commissioner has not met her burden of establishing the fact and the amount of the overpayment. Without referencing one exhibit in the record, the ALJ determined that Plaintiff had been overpaid $12,778.50 in benefits in 1998. Moreover,

the only documents in the record that identify specific payments made to Plaintiff in 1998 are a computerized payment worksheet summary and various letters from the SSA. [AR at 124-28.] As discussed above, SSA documents referring to an overpayment amount are conflicting and confusing. [AR at 34-40, 46, 88, 124-28.] Thus, the record is unclear as to the exact amount that was paid to Plaintiff for 1998 and the amount of overpayment, if any. *See McCarthy*, 221 F.3d at 1125 (explaining that the "Commissioner's unsubstantiated belief that particular payments were made" does not constitute substantial evidence of the amount of an overpayment). While Plaintiff acknowledges receiving lump sum payments in 1997 and 1998[2] and monthly payments of $1,323 beginning in May 1998, the payments that Plaintiff admitted to receiving for 1998 do not equal the $12,778.50 overpayment amount. [AR at 128, 197-98.] Accordingly, the Commissioner's determination that Plaintiff was the recipient of an overpayment is not supported by substantial evidence.[3]

## II. CONCLUSION

The decision whether to remand for further proceedings is within this Court's discretion. *McAllister v. Bowen*, 888 F.2d 599, 602 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)("[i]f additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded"). Here, there are outstanding issues that must be resolved before a determination as to whether Plaintiff was the recipient of an overpayment in 1998 can be made because the Commissioner did not provide sufficient evidence as to the amount that was paid to Plaintiff. Accordingly, remand is necessary. If, on remand, the Commissioner

---

[2] At the administrative hearing, Plaintiff testified that he received underpayment checks of $7,126 for 1996 and $1,248 for 1998. [AR at 198.]

[3] As noted above, Plaintiff raises other challenges to the Commissioner's decision in the Joint Stipulation. Because the Commissioner's determination as to the amount of the overpayment to Plaintiff is not supported by substantial evidence, and the record is not sufficiently developed to make this determination without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. However, the Court recommends that the Commissioner consider all of Plaintiff's arguments when determining the merits of his case on remand.

1 determines that some amount of overpayment was established by substantial evidence,
2 the Commissioner shall determine whether Plaintiff was without fault with respect to that
3 overpayment, and if he was without fault, whether recovery of the overpaid benefits
4 should be excused because it would defeat the purpose of Title II or would be against
5 equity or good conscience.

6 Accordingly, Plaintiff's request for an order awarding damages and directing
7 certification of the overpayment amount or waiver of the overpayment is DENIED, and
8 and the Commissioner's request for an order remanding this case for further proceedings
9 pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED. The clerk shall enter
10 judgment, close the file and terminate all pending motions.

12 DATED: February 9, 2006          /s/ Arthur Nakazato
                                    ARTHUR NAKAZATO
13                                  UNITED STATES MAGISTRATE JUDGE